The opinion of the Court, was delivered by
Horkblower, C. J.
The real question presented by this motion is, whether a plaintiff, in an action brought in this court, after a plea of title filed by the defendant before a justice of the peace, can by way of new assignment, in his replication to the common bar, set out the locus in quo with more certainty than he did in the court below, without thereby absolving the defendant from his obligation to rely upon his plea of title alone ?
I confess my mind has undergone a change upon this subject, since the argument on this motion. My impression then was, as it had been before, that the plaintiff must declare in this court precisely as he had done in the court below, and that he must abide by that declaration or release the defendant from his obligation to plead and rely on title alone. I am still of opinion, that the plaintiff cannot, either in his declaration, or by his replication in this court, enlarge or in any way change or make his demand more extensive than he did before the justice, without discharging the defendant and his sureties from the stipulations contained in the condition of the bond. This is all that was decided in Snedeker v. White, 6 Hal. 87, and I feel no disposition to disturb that case. But a new assignment in the replication, *148 setting out, by name or by abuttals, the specific close in which the trespass complained of was committed, is not a departure from nor an extension of the original cause of action, in any sense. It is rather a restriction or narrowing down the ground of complaint to an injury committed on a specific close; and thus affording to the defendant, an opportunity of withdrawing his plea, if he had put in the common bar before the justice, under any misapprehension, or any doubt or uncertainty as to the close mentioned in the state of demand.
Is there any thing then in the language or in the spirit and design of the statute, to abrogate or change the law and rules of pleading in such cases? Or that does, or ought to take away from the plaintiff his right to make a new assignment, or a more specific complaint in his replication, when the defendant, by the generality or nature of his plea, has rendered that new assignment or specification necessary for the plaintiff’s protection and success in the cause ? Let this question be answered in view of the action of the legislature on this subject. By the act constituting courts for the trial of small causes, and the decisions of this court, plaintiffs complaining of injuries done to them, not exceeding one hundred dollars in amount, are compelled in many cases, at the hazard of losing their costs, to institute their suits in a Justice’s court, notwithstanding they are actions in which the title to land may come in question. But then, by other provisions in the act, Elm. Dig. 282, sec. 33 &c. the defendant, by pleading such title may immediately oust the jurisdiction of the justice, and compel the plaintiff to abandon his suit, or to renew it in this court. Now suppose the legislature had permitted the question of title to be tried in a justice’s court, would not the parties have been at liberty, either in writing or by parol, to have pleaded just as they have done in this case ? Unquestionably they would. For example: if the plaintiff filed a state of demand complaining of a trespass on his close, situated in the township of B. the defendant, although not compelled in that court to put his plea in writing, might set up on the trial and prove title in himself to a close in the same township; but the plaintiff might reply by alleging and proving the trespass to have been committed on another close belonging to himself; and then unless the defendant could show title to that close in himself or *149 In some body under whom he entered, the plaintiff would recover. Wow, can we suppose the legislature intended to alter the law of pleading in this court, by denying to the justice the power of trying the question of title? 1 think not. The plaintiff declared in the court below, as he had a right to declare in that or in any other court in an action of trespass. He filed a sufficient and a lawful state of demand ; and if that court could have tried the plea of title, he might in effect, have replied as he has done here. But if he could not have so replied in that court, it does not follow, that he cannot, do so here. This is not an appeal from the justice’s court. It is not the same action that was depending there. It is a new action ; and although it is an action for the same cause, yet, it is an action regularly commenced in this court and subject to the same rules of pleading as govern in other actions of trespass prosecuted here.
In opposition to this, I know it has been said and may be said again, that it is a surprise upon the defendant and his sureties; that if the plaintiff had specified the close in his state of demand, the defendant might not have pleaded title; nor his sureties have been willing to join him in the bond. It was this objection that misled me at the time of the argument. But it is fallacious; there is nothing in it. It is hardly possible that a defendant should be under any mistake about the close. The state of demand charges him with certain acts of trespass. He knows, whether ■ he has committed such ads or not. If he has not, he will not be likely to plead title; and if he has, he will know the close upon which he committed them. To sustain the objection, we must suppose it probable, that the defendant has committed the acts complained of on two or more closes, to one of which only, he claims title. Such an event is not very likely to happen ; and if it does, the defendant has only to specify in his plea before the justice, the close or tract of land to which he pleads title; and that will avoid all difficulty. But be this as it may, he and his sureties enter into the bond with their eyes open. They know, or are to be presumed to know, that according to the rules of pleading the plaintiff may in his replication to the common bar, designate by name, or by abuttals, the close in which the trespass he complains of, was committed. The condition of the bond, is not to pay the sum recovered, nor that the defendant *150 will maintain his defence upon the state of demand filed before the justice; but that the defendant will appear to an action to be brought against him at the next Supreme Court; put in special bail within twenty days, and pay such costs as shall be awarded against him.
It must be remembered, that an action of trespass, quar. elms, freg. is not founded upon title. It is a mere possessory action. Suppose then a landlord enters upon his tenant, and injures his crop; the tenant brings trespass in a Justiee’s Court and declares generally, as he may do; the defendant pleads title, and the action is transferred to this court. Now if the plaintiff must file the same declaration here, and must take issue on the plea of title, it is manifest he must fail. If he cannot in his replication newly assign the locus in quo, and then avoid the plea by showing his lease, he would be without remedy. Nor is it any answer to this to say, the plaintiff might have specified the close in his original state of demand; for upon title being pleaded, in this court, he must by his replication avoid the force of that plea by showing his lease, or he must fail in his action; and an issue upon such a replication would not be on the title, but on a new matter not brought in question in the court below, and which could not be, for the plea of title there put an end to the pleadings in that court before the plaintiff had an opportunity of showing, that he did not claim title to the soil and freehold. If it is said, that such a replication would be consistent with and support the declaration, and that it only confessed and avoided the plea, I answer so does a novel assignment. The common bar is in effect, an allegation that the defendant has title to a close in the same township, and the novel assignment is simply to avoid the effect of that plea, and to compel the defendant to insist upon title to the specified close.
For these reasons I am of opinion, the motion to strike out the replication must be denied. This opinion does not conflict with any thing said by the majority of the court in Ellett v. Pullin, 7 Hal. 362. In that case the right of the plaintiff to make a new assignment, was not called in question. The plaintiff had taken issue on the plea of title, and on the trial the defendant had proved title to a different close in the township, from that on which the trespass had been committed-; and the court gave *151 judgment for the defendant, thereby establishing the old rule of pleading in such actions.

The motion denied.

Cited and questioned in Phillips v. Phillips, 1 Zab. 43; Chambers v. Wambough, 4 Dutch. 531.